OPINION
Defendant Mark Martin appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, granting a divorce to appellant and plaintiff appellee Tammy Martin, dividing the marital assets, and awarding appellee spousal support. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE APPELLEE IN AN AMOUNT WHICH WAS BASED UPON AN ERRONEOUS CALCULATION OF THE APPELLANT'S INCOME, WHICH WAS NOT SUPPORTED BY THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE APPELLEE IN AN AMOUNT WHICH WAS IN EXCESS OF THE AMOUNT PERMITTED TO BE WITHHELD FORM THE APPELLANT'S INCOME AND MILITARY RETIREMENT BENEFITS PURSUANT TO O.R.C. 3113.21(e), 15 U.S.C. § 1672 AND 15 U.S.C. § 1673(a) AND IN CONTRADICTION OF THE EVIDENCE.
The record indicates the parties were married nearly twenty-one years and produced no children. During most of the marriage, appellant was on active duty in the Navy. In 1966, appellant took an early discharge from the Navy and accepted private employment. In the meantime, appellee enrolled in college, winning a scholarship contingent upon maintaining a high grade point average.
Appellant testified regarding his military pension, his wages from his employment, and his bonuses from his employment. At the time of trial, appellant had received bonuses from his employer for three months, each amounting to approximately $500.00 before deductions.
The trial court found appellant's total potential gross income for 1997/1998 to be $58,000.00, which includes estimated bonuses of $10,000.00. From this, the court ordered two wage withholding orders be executed. The first withholding order is in the amount of $350.00 per week plus poundage of appellant's wages at his current employer. From appellant's Navy pension, the trial court ordered the sum of $840.00 per month plus poundage. Both withholding orders shall continue for four years, or until the appellee dies, remarries or cohabits with another male who provides for support.
Appellant urges the spousal support order is in excess of the amount R.C. 3113.21 permits, and is based upon an inflated estimate of the bonus amount.
R.C. 3113.21(E) provides in pertinent part:
 In the no case shall the aggregate amount withheld to a withholding notice * * * and any fees withheld pursuant to the notices is a charge for serves to exceed the maximum amount permitted under Section 303(b) of the "Consumer Credit Protection Act" 15 U.S.C. § 1673(b).
Pursuant to Consumer Credit Protection Act, the term "disposable earnings" means the part of the earnings remaining after deduction of the amounts required by law to be withheld. The maximum percentage of an individual's disposable earnings which can be withheld is 60%.
Because the trial court's order is couched in terms of gross income, and is further complicated by the issue of future bonuses, this court is unable to conduct an adequate appellate review of whether the court ordered an excessive amount of appellant's disposable earnings to be withheld. We note the trial court's estimate of $10,000 is substantially more than the appellant's testimony.
Accordingly, we vacate the award of spousal support, and remand the matter to the court of common pleas with instructions to reexamine the computation of the bonuses, to compute appellant's disposable earnings and, if necessary, adjust the amount of the award to appellee. We further find the assignments of error are premature, and we decline to rule on them.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is vacated in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.